UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID CAMPBELL,

   Plaintiff,

v.             Case No. 8:18-cv-2491-T-TGW

ANDREW M. SAUL,
Commissioner of Social Security,[1]

   Defendant.
_____/

## ORDER

  The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.[2] Because the decision of the Commissioner of Social Security is supported by substantial evidence and contains no reversible error, the decision is affirmed.

### I.

  The plaintiff, who was forty-three years old at the time of the most recent administrative hearing and who has the equivalent of a high school education, has worked as a sales associate (Tr. 42, 368). He filed a claim for disability benefits, alleging that he became disabled due to migraine headaches,

---

[1]Andrew M. Saul became the Commissioner of Social Security on June 17, 2019, and should be substituted as the Defendant. See Fed. R. Civ. P. 25(d).

[2]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 12).

chronic low back pain, arthritis in the lower spine, degenerative joint disease of the cervical spine, degenerative joint disease of the lumbosacral spine, sciatica, and diabetes (Tr. 367). The claim was denied initially and upon reconsideration.

At his request, the plaintiff received a <u>de novo</u> hearing before an administrative law judge. After conducting two hearings, the law judge issued an unfavorable decision on April 6, 2016 (Tr. 108). Plaintiff sought review of the decision, and the Appeals Council granted the request and remanded the case for further consideration (Tr. 126–28).

On remand, a different law judge conducted a supplemental hearing (Tr. 41). Thereafter, the law judge found that the plaintiff has severe impairments of migraine headaches, degenerative disc disease, osteoarthritis of the left ankle, diabetes, affective disorder, anxiety disorder, and obesity (Tr. 19). In light of those impairments, the law judge determined that the plaintiff was unable to perform his past relevant work (Tr. 27). However, based on the testimony of a vocational expert, the law judge concluded that the plaintiff could perform other jobs that exist in significant numbers in the national economy, such as a final assembler, production-inspection-lens block gauger, and stone setter (Tr. 28, 58). Accordingly, he decided that the plaintiff was not disabled (<u>id</u>.). The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies . . . may be reversed . . . only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the

witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied, and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff challenges the law judge's decision solely on the ground that "[t]he administrative law judge decision was in error in relying on vocational expert testimony which conflicted with information in generally accepted governmental publications without first resolving that conflict" (Doc. 22, p. 5). The plaintiff's argument is without merit.

The plaintiff has not asserted any contention concerning the plaintiff's physical or mental impairments. Therefore, any such argument is deemed forfeited under the Scheduling Order and Memorandum Requirements (see Doc. 14, p. 2). Sanchez v. Commissioner of Social Security, 507 Fed. Appx.

855, 859, n.1 (11th Cir. 2013) citing Access now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) ("A legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

At the hearing, the vocational expert testified that an individual with plaintiff's age, education, work experience, and residual functional capacity could perform the following jobs:

> Manual work such as final assembler, DOT number 713.687-018, sedentary, with an SVP of 2. There'd be approximately 52,000 nationally. Production inspection, an example is lens block gauger, DOT number 716.687-030, sedentary with an SVP of 2, approximately 48,000 nationally. And manual work as specific media such as stone setter, DOT number 735.687-034, sedentary with an SVP of 2, approximately 24,000 nationwide.

(Tr. 58).

The plaintiff argues that "[i]t is obvious and apparent that the numbers given by the vocational expert, for the three DOT (Dictionary of Occupational Titles) occupations identified, were extremely overstated" (Doc. 22, p. 9). According to the plaintiff, the vocational expert's testimony "suggests that she was not giving numbers of jobs for the particular DOT occupation, but instead was giving numbers for a larger group, and suggesting the DOT occupation as an example of an occupation within that larger group" (id., p. 8).

Thus, the plaintiff argues that the vocational expert overestimated the number of jobs for the position of final assembler because the Standard Occupational Classification (SOC) code job numbers reported by the Bureau of Labor Statistics for the SOC group in which the final assembler falls reveals about 2,210 people employed nationally for all categories in this group (id., pp. 6-7). According to the plaintiff, the expert's testimony about the number of jobs for this occupation was "unreliable and unbelievable" (id., p. 7).

Similarly, with respect to the job of lens block gauger, the plaintiff argues there are only 12,790 persons employed nationally within that group according to the "crosswalk prepared by the Bureau of Labor Statistics" (id., p. 8). Citing "data from the U.S. Census," the plaintiff asserts there were only 24,988 persons employed in the ophthalmic goods manufacturing industry, which is the industry within which both the final assembler and lens block gauger jobs fall; yet, the vocational expert testified there were 100,000 nationwide for those two jobs (id., p. 9). The plaintiff makes comparable arguments regarding the number of jobs for a stone setter (id.).

Recently, in Hartwig v. Berryhill, Case No. 8:18-cv-1593-T-TGW (M.D. Fla. June 28, 2019), plaintiff's counsel made a similar argument to me and I found it meritless. Significantly, there was no appeal.

Additionally, plaintiff's counsel made this argument to my colleague, United States Magistrate Judge Julie S. Sneed, who rejected it. See

6

Webster v. Commissioner of Social Security, Case No. 8:17-cv-1063-T-JSS, 2018 WL 3135154, at *4–6 (M.D. Fla. June 27, 2018). Plaintiff's counsel appealed, and the Eleventh Circuit affirmed the decision. See Webster v. Commissioner of Social Security, 773 Fed. Appx. 553 (11th Cir. 2019). In its decision, the court of appeals explains:

> The VE's testimony—based on his own experience of having completed supervisor surveys for the specific jobs for which he found Webster qualified, his knowledge of the industry, and the Dictionary of Occupational Titles ("DOT")—constituted "substantial evidence" that there were a significant number of jobs that existed in the national economy that Webster could perform. See Winschel, 631 F.3d at 1180; 20 C.F.R. § 404.1 520(a)(4)(v). Webster's argument that the Standard Occupational Classification ("SOC") code job numbers reported by the Bureau of Labor Statistics demonstrate that the VE's testimony was unreliable is unavailing. First, during the hearing, Webster did not question the VE's qualifications and the questions that he posed to the VE did not address his present concerns about the reliability of the VE's testimony. Moreover, the VE's testimony indicated that he relied on his own experience of surveying employers as well as the DOT.

Id. Similar circumstances are present here.

Significantly, at the hearing, the plaintiff was represented by counsel, although different than present counsel (Tr. 41). Counsel stipulated to the vocational expert's qualifications (Tr. 57). While counsel questioned the

7

vocational expert, she limited the questioning to additional hypothetical limitations (limitations that the law judge did not accept) (Tr. 59–60). She did not ask any questions about the DOT job numbers. Thus, there was nothing in the record to support the argument the plaintiff is now making. Recently, in Salmeron-Salmeron v. Spivey, 926 F.3d 1283, 1286 (11th Cir. 2019), the Eleventh Circuit pointed out that "[i]t is a foundational principal of administrative law that a reviewing court must review only the information that was before the agency at the time of its decision in assessing whether that decision was permissible." Consequently, the plaintiff cannot bolster his argument by information that is not in the record.

Further, here, as in Webster, the vocational expert had many years of experience (Tr. 478). Thus, she received a master's degree in rehabilitation services in December 1980, and after years of work in her field, she has been a rehabilitation consultant since August 1991 (Tr. 478–480). In addition to stating that her testimony was consistent with the DOT, the expert testified that her opinions were based on her professional experience (Tr. 59).

The plaintiff, without citation to authority, states:

> Where there is no apparent or obvious conflict between the testimony of the vocational expert and the information contained in reliable governmental publications, the ALJ may rely on testimony from the vocational expert as to job numbers. However, there are rare cases, where testimony from a vocational expert as to job

8

> numbers for a particular occupation is so inconsistent with reliable job information from governmental sources and common sense, that it is incumbent on the ALJ to question the VE as to the job numbers asserted.

(Doc. 22, p. 6). To the contrary, it is the duty of plaintiff's counsel to adduce evidence that contradicts the expert's testimony. In the absence of any such evidence in the record, the law judge could properly rely upon the expert's testimony.

Plaintiff's statement may be suggesting some reliance on Social Security Ruling (SSR) 00-4p. Since there was no development of any issue based on SSR 00-4p, any such contention is forfeited under the Scheduling Order and Memorandum Requirements (see Doc. 14, p. 2).

Moreover, to the extent that the plaintiff's argument intended to bring into play Washington v. Commissioner, 906 F.3d 1353 (11th Cir. 2018), which recently expounded on SSR 00-4p, that hint of a suggestion was also rejected in Webster. There, the court of appeals stated:

> Further, to the extent that [the plaintiff] argues that the ALJ was required to independently verify a VE's testimony, we have held that the ALJ is only required to do so when there is a conflict between the VE's testimony and the DOT. *Washington v. Comm'r Soc. Sec.*, 906 F.3d 1353, 1365 (11th Cir. 2018). Here, the conflict is between the number of available jobs the VE reported and the number of available jobs shown in the figures provided by the Bureau of Labor Statistics through its publication of the

> Occupational Employment Statistics ("OES"). Unlike the situation in which the VE's testimony conflicts with the DOT, this Court has not placed an affirmative duty on the ALJ to independently investigate a conflict between the VE's testimony and job availability figures provided by the Bureau of Labor Statistics in the OES. Furthermore, the figures in the OES are not part of the SSA's regulatory scheme. 20 C.F.R. § 404.1566(d)(1), (5).

Webster v. Commissioner of Social Security, supra, 773 Fed. Appx. at 555-56.

Therefore, the law judge did not err in accepting and relying on the vocational expert's testimony. See Biestek v. Berryhill, __ U.S.__, 139 S.Ct. 1148, 1155 (2019) ("[A] vocational expert's testimony may count as substantial evidence even when unaccompanied by supporting data" when that testimony comes from an experienced and well-qualified vocational expert).

Moreover, the law judge, as fact finder, was entitled to weigh the evidence in accepting the vocational expert's testimony regarding the number of jobs available in the national economy. See Graham v. Bowen, 790 F.2d 1572, 1575 (11th Cir. 1986) ("The weighing of the evidence is a function of the factfinder, not of the district court."); Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) ("We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]."). In the circumstances here, the law judge could reasonably accept the expert's testimony in concluding that a significant number of jobs exist in the national economy that the plaintiff
10

could perform. Therefore, the law judge's decision is supported by substantial evidence.

It is, therefore, upon consideration,

**ORDERED**:

That the decision of the Commissioner is hereby **AFFIRMED**. The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 20th day of February, 2020.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE